UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

LEO MCDONALD, JR.                                                                                    PLAINTIFF

VERSUS                                                         CIVIL ACTION NO. 1:18CV281-LG-RHW

HUNTINGTON INGALLS INDUSTRIES                                                       DEFENDANT

### PROPOSED FINDINGS OF FACT AND RECOMMENDATION

Before the Court is Plaintiff Leo McDonald Jr.'s motion for leave to proceed *in forma pauperis*. Doc. [2]. Plaintiff, proceeding *pro se*, filed on August 24, 2018, a complaint alleging employment discrimination by Defendant Huntington Ingalls Industries.

Section 28 U.S.C. § 1915(a)(1) is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay any part of the statutory filing costs. *See Prows v. Kastner*, 842 F.2d 138 (5th Cir. 1988); *Williams v. Estelle*, 681 F.2d 946 (5th Cir. 1982). The Court, in exercising its discretion, considered the following factors: Is the plaintiff barred from the federal courts by reason of his impecunity? *Souder v. McGuire*, 516 F.2d 820 (3rd Cir. 1975). Is access to the courts blocked by the imposition of an undue hardship? *Startti v. United States*, 415 F.2d 1115 (5th Cir. 1969). Is the plaintiff forced to contribute his last dollar, or render himself destitute to prosecute his claim? *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 337 (1941).

A review of Plaintiff's *in forma pauperis* application reveals a monthly income of $4,200.00 and monthly expenses of approximately $3,085.00. In other words, his monthly income exceeds monthly expenses by more than $1,000.00. Based on the foregoing, the undersigned finds that Plaintiff is not indigent under the law and should not be allowed to proceed *in forma pauperis*.

## RECOMMENDATION

The undersigned recommends that Plaintiff's [2] Motion to Proceed *in forma pauperis* be DENIED.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 11th day of October, 2018.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE