# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**LEO MCDONALD, JR.**                                                               **PLAINTIFF**

**v.**                                             **CAUSE NO. 1:18cv281-LG-RHW**

**HUNTINGTON INGALLS INDUSTRIES**                            **DEFENDANT**

## ORDER GRANTING MOTION TO DISMISS FOR FAILURE TO TIMELY SERVE PROCESS

BEFORE THE COURT is the [15] Motion to Dismiss filed by Defendant Huntington Ingalls Industries ("Industries"), which asserts that Plaintiff Leo McDonald, Jr., has failed to timely serve Industries, notwithstanding the repeated extensions this Court has granted him to do so. McDonald responds contending that he made repeated efforts to properly serve Industries and that, to the extent he served process upon an employee of Huntington Ingalls Incorporated instead of an employee of Industries, he says "there is not enough public information on the difference" between the two companies and "feel[s]" the distinction between the corporations is "only a means to avoid the service of process." (Resp. Op. 2, ECF No. 18.) The Motion is fully briefed. Having considered the submissions of the parties, the record, and relevant law, the Court finds that Plaintiff has failed to properly and timely serve Industries. The Motion will be granted, and Plaintiff's Complaint will accordingly be dismissed without prejudice.

## I. BACKGROUND

Plaintiff, who proceeds *pro se*, filed his Complaint on August 24, 2018, alleging claims for hostile work environment, and race, age, and national origin

discrimination under Title VII of the Civil Rights Act of 1964.  On November 5, 2018, the Court determined that the plaintiff was not legally indigent and denied his request to proceed *in forma pauperis*.  (Order Adopt. R&R & Den. Mot. Proceed IFP, ECF No. 5.)  Plaintiff paid the filing fee but took no further action to complete service of process until prompted by Magistrate Judge Walker, who issued an [6] Order on March 13, 2019 that informed Plaintiff of Federal Rule of Civil Procedure 4(m)'s 90-day period for service of process and gave him until April 15, 2019 to serve the defendant.

On April 10, 2019, Plaintiff filed a [7] Motion for Extension of Time to Serve Process.  Magistrate Judge Walker granted Plaintiff's requested 18-day extension, setting a deadline of May 3, 2019 for Plaintiff to complete service of process.  (Order, ECF No. 8.)  Judge Walker observed, however, that "it ha[d] been almost eight months since Plaintiff filed his complaint and he ha[d] not demonstrated any efforts towards completing service of process."  (*Id.* at 1.)  Accordingly, Judge Walker again reminded Plaintiff that he had exceeded Rule 4(m)'s timeframe and cautioned him that "no further extensions [would] be granted absent a showing of good cause." (*Id.*)

Plaintiff caused summons to be issued on April 29, 2019 and returned executed summons demonstrating he had attempted service of process by mailing the Complaint and Summons via certified mail.  On July 1, 2019, Magistrate Judge Walker issued a [12] Show Cause Order.  This Show Cause Order explained that Plaintiff's attempted service by certified mail was inadequate under either the

Federal Rules of Civil Procedure or the Mississippi Rules of Civil Procedure. (Show Cause Order 1, ECF No. 12.) Again reiterating that Plaintiff had far exceeded the 90 day's afforded to serve under Rule 4(m), Judge Walker directed Plaintiff to serve Industries by July 29, 2019 or, alternatively, "show good cause in writing why the complaint should not be dismissed for failure to effect timely service of process." (*Id.* at 2.)

Plaintiff caused summons to be reissued on July 24, 2019. He returned executed summons on July 30, 2019, demonstrating that "Robert 'Bob' Fraser" at "Huntington Ingalls Industries" had personally been served the Complaint and Summons on July 26, 2019. (Proof of Service 1, ECF No. 14.) On August 20, 2019, Defendant Industries filed the instant Motion to Dismiss. Industries contends that Plaintiff failed to properly effect service because Robert Fraser is neither an employee nor a registered agent for service of process. Furthermore, says Industries, Plaintiff is not entitled to an additional extension of time to serve Industries in this lawsuit because Plaintiff failed to comply with the Show Cause Order and more than a year has now elapsed since Plaintiff filed the Complaint. The Court agrees.

II. DISCUSSION

A Motion to Dismiss for insufficient service of process is brought under Federal Rule of Civil Procedure 12(b)(5). Service of process upon a domestic corporation – such as Industries – is perfected "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent

authorized by appointment of law to receive service of process."[1]  Fed. R. Civ. P. 4(h)(1)(B).  "[O]nce the validity of service of process has been contested, the plaintiff bears the burden of establishing its validity."  *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992); *Perez v. City of New Orleans*, 173 F. Supp. 3d 337, 345 (E.D. La. 2016).

It is undisputed that a copy of the Complaint and the Summons were delivered to Robert Fraser.  To demonstrate valid service, Plaintiff submits the sworn affidavit of Darrell D. Crawford, the process server.  Crawford attests to the following:

> Mr. Robert Fraser is personally known by the server for over twenty years +/- and has now and in the past five years since serving civil process in Jackson County, MS accepted/received process and directed it in a true and accurate manner to the person named in legal process served.  Mr. Fraser is very competent, professional in his duties in the security division at Huntington Ingalls . . . .

(Crawford Aff. 2, ECF No. 20.)  Plaintiff further states in his Response in Opposition that "[i]t is plaintiff's understanding that Mr. Robert Fraser work under the Human Resource Branch of said Huntington Ingalls Inc. (Ingalls)/Huntington Ingalls Industries, Inc. (Industries)."  (Resp. Op. 2, ECF No. 18.)

Industries submits, in support of its Motion to Dismiss, the declaration of Glenna A. Hoyle, the Director of Human Resources at Huntington Ingalls Incorporated's Pascagoula, Mississippi facility.  She explains that Robert Fraser is employed by Huntington Ingalls Incorporated – not Huntington Ingalls Industries,

---

[1] The Mississippi Rules of Civil Procedure are identical to the federal rules for serving a domestic corporation.  *See* Miss. R. Civ. P. 4(d)(4); Fed. R. Civ. P. 4(h)(1)(A).

– 4 –

Inc. – as an "Industrial Security Analyst IV" in "the Visitor Control office at [Huntington Ingalls Incorporated] in Pascagoula." (Hoyle Decl. 1, ECF No. 15-1.) "Mr. Fraser is not a managing agent, general agent, or any other agent authorized to receive service of process for either Ingalls or Industries." (*Id.*) In his own affidavit, Robert Fraser confirms that he is employed by Huntington Ingalls Incorporated. (Fraser Decl. 1, ECF No. 21-1.) He further states that he knows Darrell Crawford and "has always told him that I cannot accept service of process for anyone, including [Huntington Ingalls Incorporated], but that I would send the documents to Ingalls' Legal Department." (*Id.*)

On this record, the Court must conclude that Plaintiff has failed to serve Industries. Robert Fraser is not "an officer, a managing or general agent, or any other agent authorized by appointment of law to receive service of process" on behalf of Industries. Fed. R. Civ. P. 4(h)(1)(B). Darrell Crawford's sworn statements do not contradict the declarations of Glenna Hoyle or Robert Fraser, thus no issue of fact precludes this Court's resolution of the matter. The delivery of the Complaint and Summons to Fraser was of no legal effect.

Having determined that Industries was not properly served, the Court turns to resolving the proper remedy. Plaintiff has been afforded numerous extensions of time to complete service of process – both before and after his initial failed attempt at service via certified mail. Indeed, mindful of the leniency due to *pro se* litigants, the Court has given Plaintiff every opportunity to carry out his responsibility to serve Industries. Plaintiff still failed to carry out his responsibility under Rule 4(m)

to effect service of process within a reasonable period of time. He also failed to comply with the Show Cause Order. More than a year has now lapsed since he filed the Complaint on August 24, 2018. Dismissal without prejudice is therefore appropriate under Rule 4(m).

The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *Link v. Wabash R.R.*, 370 U.S. 626, 629-30 (1962).

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [15] Motion to Dismiss filed by Defendant Huntington Ingalls Industries is **GRANTED** and Plaintiff Leo McDonald, Jr.'s claims are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED AND ADJUDGED** that the [9] Motion for Class Action filed by Plaintiff Leo McDonald, Jr., is **MOOT**.

**SO ORDERED AND ADJUDGED** this the 16th day of October, 2019.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE